UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SANFILIPPO,<br><br>        Plaintiff,<br><br>   v.<br><br>G. FOSTER, DEPUTY SHERIFF, THE COUNTY OF CALAVERAS, and DOES 1 through 20, inclusive,<br><br>        Defendants. | 1:10-cv-1136 OWW SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 6/30/11<br><br>**Non-Dispositive Motion Filing Deadline:** 7/15/11<br><br>**Non-Dispositive Motion Hearing Date:** 8/19/11 9:00 Ctrm. 7<br><br>**Dispositive Motion Filing Deadline:** 7/29/11<br><br>**Dispositive Motion Hearing Date:** 8/29/11 10:00 Ctrm. 3<br><br>**Settlement Conference Date:** 7/12/11 10:30 Ctrm. 7<br><br>**Pre-Trial Conference Date:** 10/3/11 11:00 Ctrm. 3<br><br>**Trial Date:** 11/8/11 9:00 Ctrm. 3 (JT-4 days) |

I.   Date of Scheduling Conference.

    October 21, 2010.

II.  Appearances Of Counsel.

    Kenneth M. Foley, Esq., appeared on behalf of Plaintiff.

    McCormick, Barstow, Sheppard, Wayte & Carruth by Michael G.

1

Woods, Esq., appeared on behalf of Defendant Deputy Sheriff Greg Foster and County of Calaveras.

III.  Summary of Pleadings.

1.  Plaintiff, Dennis Sanfilippo, alleges by Complaint filed May 6, 2010, a cause of action under 42 U.S.C. § 1983, wherein he alleges unlawful use of force and unlawful arrest against Calaveras County Sheriff's Deputy G. Foster. Plaintiff, who asserts he had committed no crime, was beaten and arrested without probable cause by Deputy Sheriff G. Foster, who was employed by the County of Calaveras Sheriff's Department. Plaintiff further alleges that the violation of his constitutional rights by Deputy Foster were caused by the hiring, retention, lack of supervision and lack of discipline policies of the Calaveras County Sheriff's Department.  In this case, during the afternoon of July 2, 2009, Plaintiff was in the process of working at his restaurant lounge in Copperopolis when Deputy G. Foster came into the premises.  Plaintiff had been having an on-going dispute with an agent of the landlord, Bernadette Abrahams, who was making claims disputing which area of the premises could be used as Plaintiff's restaurant.  Plaintiff had in fact contacted the Sheriff's Department earlier the same day and the Sheriff's Department indicated it was a civil matter.  When Deputy G. Foster became involved in the dispute, he was told to call his office because the matter had already been reported and the parties were told it was a civil matter.  Deputy G. Foster chose not to call his office and when Plaintiff was trying to explain it was a landlord/tenant situation, Plaintiff was told to "shut up."  Plaintiff was then advised by Deputy G. Foster that

if he didn't remove his property from the disputed area, he would be placed under arrest.  Plaintiff put his hands behind his back and told the Deputy he might as well arrest him because he would not remove the property, as it is an ongoing dispute which the Sheriff's Department had already indicated was a civil matter. Deputy G. Foster then handcuffed Plaintiff and put him up against the wall.  Later, Deputy G. Foster returned to where Plaintiff was handcuffed and grabbed Plaintiff, swinging him into a wall, causing him to slam onto the floor.  As a result of this treatment, Plaintiff suffered multiple fractures of his ribs. Plaintiff was transported to Mark Twain St. Joseph's Hospital and then to the Sheriff's Office, where he was booked.  While at Mark Twain St. Joseph's Hospital, Plaintiff overheard a conversation between Deputy G. Foster and one of his superiors who was telling him that he should have called the Sheriff's Department since the matter had already been determined to be a civil matter. Plaintiff also seeks damages for assault and battery under California law.  Defendant asserts the use of force was consented to, justified under the circumstances, or entitled to qualified immunity.

  Defendants' Factual Contentions.

  2. Defendants deny the material allegations in Plaintiff's Complaint.  On July 2, 2009, Deputy Sheriff Greg Foster responded to a call from Bernadette Abramson regarding an incident of "defrauding an innkeeper" at Lake Tulloch Resort.  Ms. Abramson reported to Deputy Foster that Richard Franco, a business partner of Plaintiff's, was occupying a hotel room which he had no right to occupy and Ms. Abramson wanted Mr. Franco to vacate the hotel

3

room because she had another tenant who was arriving that day. Ms. Abramson reported that Mr. Franco had been staying in that room for two months without paying any rent and that she had attempted several times unsuccessfully to remove Mr. Franco from that room.  Deputy Foster interviewed Mr. Franco who confirmed that he had not paid any rent.  Mr. Franco was cooperating with Deputy Foster in vacating the room until Plaintiff interfered with Deputy Foster's performance of his duties and challenged Deputy Foster in a very belligerent and physically threatening manner.  Deputy Foster warned Plaintiff not to interfere. Plaintiff continued to interfere, stomped his feet, yelled at Deputy Foster and waved his hands in an angry manner.  He then dared Deputy Foster to arrest him.  Plaintiff continued to interfere with Deputy Foster's performance of his duty.  Because of his continued interference and his aggressive and confrontational behavior, Deputy Foster placed handcuffs on Plaintiff to detain him until the call for service was complete. After Deputy Foster placed handcuffs on Plaintiff, Plaintiff continued to resist and refused to comply with Deputy Foster's lawful directives.  Deputy Foster arrested Plaintiff for violation of Penal Code Section 148(a)(1) - resisting or delaying a peace officer.  No formal charges were ever filed against Plaintiff.

    3.    Deputy Foster employed only reasonable force to effect the detention and arrest of Plaintiff and personally believed there was legal cause and justification for all actions he took regarding Plaintiff.

    4.    Plaintiff contends that Defendants violated his rights

4

under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and that he was unlawfully assaulted and battered by Deputy Foster.

    5.   Defendant denies the material allegations in Plaintiff's Complaint.  Defendant had legal cause to detain and arrest Plaintiff and employed reasonable force to do so. Defendants acted in good faith and with a reasonable belief as to the legality of the things and matters attributed to them in Plaintiff's Complaint.  Defendant County of Calaveras had no officially adopted policy, practice or custom which led to the deprivation of Plaintiff's constitutional rights.  Defendants are immune from liability pursuant to the provisions of California Government Code §§ 815, 815.2, 818, 820.2 and 820.4.  Defendants' actions were reasonable and lawful pursuant to California Penal Code §§ 835, 835(a) and 836.5.  Defendants are immune as provided for in California Penal Code § 847.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

       1.   Plaintiff, Dennis Sanfilippo, was a resident of the County of Calaveras, State of California at the time of the incident at issue.

       2.   Dennis Sanfilippo was the owner and operator of a restaurant and lounge at Lake Tulloch Resort, Copperopolis, California.

       3.   At all times, Deputy Greg Foster, was duly

5

employed by the County of Calaveras as a Deputy Sheriff and was acting under the color of law and within the course and scope of his employment.

   4. Calaveras County is a public entity duly organized and existing under the laws of the State of California.

   5. Plaintiff was detained and then arrested on the afternoon of July 2, 2009 by Defendant Foster.

 B. Contested Facts.

   1. All remaining facts are disputed.

VI. Legal Issues.

 A. Uncontested.

   1. Jurisdiction exists under 28 U.S.C. § 1367.

   2. Venue is proper under 28 U.S.C. § 1391.

   3. The parties agree that the substantive law of the State of California provides the rule of decision as to supplemental claims.

 B. Contested.

   1. Plaintiff anticipates that the major legal issue in the case is qualified immunity.

   2. Defendants dispute liability for the claims alleged.

   3. Defendants dispute that Plaintiff has been damaged and further dispute that he is entitled to recover damages.

VII. Consent to Magistrate Judge Jurisdiction.

 1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

   1. Any nongovernmental corporate party to any action in

6

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

   1.   The parties shall make their initial disclosures on or before November 22, 2010.

   2.   The parties are ordered to complete all non-expert discovery on or before April 15, 2011.

   3.   The parties are directed to disclose all expert witnesses, in writing, on or before April 29, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before May 31, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   4.   The parties are ordered to complete all discovery, including experts, on or before June 30, 2011.

   5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and

1  opinions included in the designation.  Failure to comply will
2  result in the imposition of sanctions.
3  X.   Pre-Trial Motion Schedule.
4       1.   All Non-Dispositive Pre-Trial Motions, including any
5  discovery motions, will be filed on or before July 15, 2011, and
6  heard on August 19, 2011, at 9:00 a.m. before Magistrate Judge
7  Sandra M. Snyder in Courtroom 7.
8       2.   In scheduling such motions, the Magistrate
9  Judge may grant applications for an order shortening time
10 pursuant to Local Rule 142(d).  However, if counsel does not
11 obtain an order shortening time, the notice of motion must comply
12 with Local Rule 251.
13      3.   All Dispositive Pre-Trial Motions are to be
14 filed no later than July 29, 2011, and will be heard on August
15 29, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger,
16 United States District Judge, in Courtroom 3, 7th Floor.  In
17 scheduling such motions, counsel shall comply with Local Rule
18 230.
19 XI.  Pre-Trial Conference Date.
20      1.   October 3, 2011, at 11:00 a.m. in Courtroom 3, 7th
21 Floor, before the Honorable Oliver W. Wanger, United States
22 District Judge.
23      2.   The parties are ordered to file a Joint Pre-
24 Trial Statement pursuant to Local Rule 281(a)(2).
25      3.   Counsel's attention is directed to Rules 281
26 and 282 of the Local Rules of Practice for the Eastern District
27 of California, as to the obligations of counsel in preparing for
28 the pre-trial conference.  The Court will insist upon strict

compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   November 8, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   Three to four days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for July 12, 2011, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in

person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

    a.   A brief statement of the facts of the case.

    b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be

1  expended for further discovery, pre-trial and trial.
2          e.   The relief sought.
3          f.   The parties' position on settlement,
4  including present demands and offers and a history of past
5  settlement discussions, offers and demands.
6  XV.  Request For Bifurcation, Appointment Of Special Master,
7  Or Other Techniques To Shorten Trial.
8       1.   In the event that the issue of punitive damages remains
9  in the case, the issue of punitive damages shall be tried in a
10 second phase of a continuous trial before the same jury.
11 XVI. Related Matters Pending.
12      1.   There are no related matters.
13 XVII.     Compliance With Federal Procedure.
14      1.   The Court requires compliance with the Federal
15 Rules of Civil Procedure and the Local Rules of Practice for the
16 Eastern District of California.  To aid the court in the
17 efficient administration of this case, all counsel are directed
18 to familiarize themselves with the Federal Rules of Civil
19 Procedure and the Local Rules of Practice of the Eastern District
20 of California, and keep abreast of any amendments thereto.
21 XVIII.    Effect Of This Order.
22      1.   The foregoing order represents the best
23 estimate of the court and counsel as to the agenda most suitable
24 to bring this case to resolution.  The trial date reserved is
25 specifically reserved for this case.  If the parties determine at
26 any time that the schedule outlined in this order cannot be met,
27 counsel are ordered to notify the court immediately of that fact
28 so that adjustments may be made, either by stipulation or by

1 subsequent scheduling conference.
2      2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.
3      3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   October 21, 2010            /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE