UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SANFILIPPO,<br><br>            Plaintiff,<br><br>     vs.<br><br>DEPUTY SHERIFF GREY FOSTER,<br>COUNTY OF CALAVERAS,<br><br>            Defendants.<br>_____/ | CASE NO. 10-cv-1136 BAM<br><br>**ORDER ON MOTIONS IN LIMINE** |

On August 21, 2012, this Court heard the motions in limine of Plaintiff Dennis Sanfilippo ("Plaintiff") and Defendants Deputy Sheriff Grey Foster ("Deputy Foster") and the County of Calaveras ("the County"). (Docs. 48, 49, 50). Plaintiff appeared by telephone by counsel Kenneth Foley. Defendants appeared by telephone by counsel Michael Woods. The Court further considered the arguments of counsel on the record at the time of the hearing. The Court ruled from the bench on the motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following written order on the Defendants' and Plaintiff's motions in limine.

**Plaintiff's Motions in Limine**

**1.     Plaintiff's Motion in Limine No. 1**

Plaintiff moves under Federal Rules of Evidence 403 and 408 to preclude the specific statements which were reported on page 5 of Deputy Foster's police report and to exclude any evidence with respect to Plaintiff's wealth and other statements. (Doc. 49). For the reasons set forth on the record, Plaintiff's motion in limine number 1 is **DENIED**. The parties, however, will prepare a limiting instruction.

1

**2.   Plaintiff's Motion in Limine No. 2**

Plaintiff moves to exclude evidence related to the juvenile adjudication or other alleged criminal conviction of witness Richard Franko. Defendants did not object to the motion. Accordingly, Plaintiff's motion in limine number 2 is **GRANTED**.

## Defendants' Motions in Limine

**1.   Defendants' Motion in Limine No. 1**

Defendants move to preclude questioning regarding the personnel records of Deputy Foster including but not limited to (a) prior disciplinary issues involving Deputy Foster or any other law enforcement officer who testifies in this action; (b) prior citizen complaints; and (c) information of a personal nature including addresses, phone numbers, and income. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 1 is **GRANTED**.

**2.   Defendants' Motion in Limine No. 2**

Defendants' move under Federal Rule of Evidence 702 to preclude Plaintiff's expert witness, Barry Brodd, from making factual determinations, testifying on witness credibility, and testifying to ultimate legal conclusions. Plaintiff disagrees with Defendants' assertion that an expert witness may not give an opinion on factual determinations because Brodd's explanation is based on police reports, deposition testimony, and experience and also because such testimony is the product of reliable principles and methods which have been reliably applied to the facts of this case. (Doc. 53).

Federal Rule of Evidence 702 permits expert testimony if the expert is qualified, the expert's testimony provides "scientific, technical, or other specialized knowledge" to assist the trier of fact, and the expert's testimony is reliable. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

An expert may not give his or her legal conclusion, that is, "an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)). Nor may an expert instruct the

jury regarding the applicable law, which is the exclusive and distinct province of the trial court, *see id.*, or make credibility determinations, which is the exclusive role of the jury. *See United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002).

### a. Factual determinations and witness credibility

"Expert testimony is admissible under [Rule 702] if it addresses an issue 'beyond the common knowledge of the average layperson.'" *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (quoting *United States v. Morales*, 108 F.3d 1031, 1039 (9th Cir. 1997) (en banc)). *See* Fed. R. Evid. 702(a) (expert testimony must help the trier of fact to understand the evidence or determine a fact at issue). Weighing the credibility of witnesses and resolving factual matters is not outside the common ability or knowledge of a layperson; it is the precise role that the law assigns solely to a layperson as a juror. *See Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) ("It is a well-recognized principle of our trial system that determining the weight and credibility of a witness's testimony . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men[.]") (internal quotation marks, brackets, and citation omitted); *United States v. Bender*, 769 F.2d 595, 602 (9th Cir. 1985) (stating that witness credibility is a matter for the jury and expert testimony on the subject invades the province of the jury). Accordingly, to the extent that Defendants' motion in limine number 2 seeks to preclude Barry Brodd from making factual determinations and testifying on witness credibility, it is **GRANTED**.

### b. Ultimate legal conclusions

Expert testimony is not objectionable just because it embraces an ultimate issue. Fed. R. Evid. 704(a). That said, "an expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law." *Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Such an opinion does not aid the jury in making its decision; instead, it attempts to substitute the expert's judgment for that of the jury's. *Id.* (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).

In the specific context of probable cause, this generally means that Barry Brodd may testify on any underlying facts (but not as to the fact's credibility) which may be relevant to a probable cause determination, but he may not testify that probable cause did or did not in fact exist. *See Torres v. City*

3

*of Los Angeles*, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (holding that the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses from testifying as to whether there was probable cause for an arrest); *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 1994) (upholding district court's ruling to preclude plaintiff's expert witness from opining as to whether probable cause existed); *Hao-Qi Gong v. Jones*, No. C 03-05495 THE, 2008 U.S. Dist. LEXIS 111178, at *12 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying on the ultimate issue of whether there was 'probable cause' for an arrest.").

In the specific context of excessive force, proper expert testimony can discuss "policies and professional standards of practice," but Brodd may not opine on whether the "defendants' use of force was reasonable under the circumstances" as this "is just such an opinion on an ultimate issue of law that risks usurping the jury's province." *Mukhtar,* 299 F.3d at 1066 n.10; *Martinez v. Davis*, 2011 U.S. Dist. LEXIS 15406, 2011 WL 486255 at *3 (C.D. Cal. Feb. 4, 2011); *see also Jimenez v. Sambrano*, 2009 U.S. Dist. LEXIS 67060, 2009 WL 2382622 at *2 (S.D. Cal. July 31, 2009) (noting that "whether Defendants' use of force was unreasonable or excessive is an ultimate issue of law in this case" and therefore the expert's "opinions in this regard are inadmissible").

Thus, as an expert, Barry Brodd may provide testimony of law enforcement practices and procedures and whether the conduct documented in incident reports met those standards. However, Brodd may not take the additional step and testify that an officer lacked probable cause to arrest or used excessive force because the conduct did not meet those standards. *Accord Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to the facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied.").

Accordingly, to the extent that Defendants' motion in limine number 2 seeks to preclude Barry Brodd from opining on ultimate legal conclusions, it too is **GRANTED**.

    **c.**    **Defendants' specific objections to Brodd's expert report**

Defendants have filed a list of topics referenced in Brodd's expert report or in Brodd's deposition that defendants seek to preclude. The Court discussed each topic at the hearing and ruled on each topic as set out below. The Court is not providing an exhaustive review of the admissibility of topics included

in Brodd's report, however Plaintiff should evaluate any proposed testimony against the legal parameters provided.

1. Defendants move to preclude Brodd's testimony that he saw a reason for Deputy Foster to fabricate information in his report, specifically, that it was Deputy Foster's attempt to justify why he handcuffed and arrested Plaintiff Sanfilippo. Plaintiff does not oppose. Defendants' request is **GRANTED.**

2. Defendants move to preclude Brodd from testifying that he did not think Mr. Sanfilippo's walking up the steps and stamping his feet is an indication of aggressiveness and, therefore, Deputy Foster was trying to justify why he handcuffed and arrested Plaintiff Sanfilippo. Defendants' request is **GRANTED,** however, as an expert Brodd may testify as to whether it would be proper police procedure to arrest someone who exhibited behavior indicated in the incident reports.

3. Defendants move to preclude Brodd's opinion that Plaintiff "Sanfilippo was not suspected of a crime nor had he committed a public offense." Brodd's statement offers a legal conclusion and therefore it is inadmissible. Defendants' request is **GRANTED.**

4. Defendants move to exclude Brodd's opinion that Deputy Foster's description of the incident in his police report could not constitute a violation of California Penal Code §148a. Brodd's statement offers a legal conclusion and therefore it is inadmissible. Defendants' request is **GRANTED.**

5. Defendants move to exclude Brodd's opinion as to whether Deputy Foster could lawfully direct Mr. Franko to vacate Room 26. Defendants' request is **GRANTED.**

6. Defendants move to preclude any opinion by Brodd as to what motivated Plaintiff Sanfilippo's actions in resisting Deputy Foster. Defendants' request is **GRANTED.** Brodd may testify as to the proper procedure for arresting a person based on the circumstances in the instant action, however he cannot speak to Plaintiff's or Deputy Foster's state of mind.

7. Defendants move to preclude "Brodd's interpretation of physical actions to mean that there was some type of non-verbal objection." More specifically, in his deposition, Brodd agreed that Plaintiff Sanfilippo did not verbally object to Deputy Foster being in the office adjoining Room

5

26, but opined that Sanfilippo's gestures, body movements, and demeanor equaled a non-verbal objection. Defendants' request is **GRANTED.** Brodd may testify as to experience in police practices on non-verbal conduct, but he cannot offer an interpretation of the evidence before the jury.

8. Defendants move to preclude Brodd's opinion that Deputy Foster's detention of Plaintiff Sanfilippo was unlawful because he had no probable cause to arrest and because Brodd believed Plaintiff Sanfilippo did not pose a sufficient threat to handcuff him. Defendants' request is **GRANTED**.

9. Intentionally left blank.[1]

10. Defendants move to preclude any opinion by Brodd that injuries to Plaintiff resulted from physical contact between Deputy Foster and Plaintiff. Defendants' request is **GRANTED**. Brodd is not a medical expert, and therefore, he cannot offer medical opinions.

11. Defendants move to preclude Brodd's opinion that Deputy Foster applied an uncontrolled cross-face take down maneuver on Plaintiff. The record lacks sufficient factual context for an in limine ruling on this request; therefore, this motion is held in **ABEYANCE**.

12. Defendants move to preclude any opinion by Brodd that Deputy Foster could not have reasonably believed that there was probable cause to detain and/or arrest Plaintiff. Defendants' request is **GRANTED.** Brodd may testify as to police practices based upon the facts of the instant action, but may not offer a legal conclusion on the ultimate issues before the jury.

13. Defendants move to preclude any opinion by Brodd that Deputy Foster could not have reasonably believed that the force he used in effecting the arrest of Plaintiff was lawful. Defendants' request is **GRANTED**. Brodd may testify as to police practices based upon the facts of the instant action, but may not offer a legal conclusion on the ultimate issues before the jury.

**3.  Defendants' Motion in Limine No. 3**

Defendants move under Federal Rule of Civil Procedure 26(a)(2)(B)(I) to preclude expert Barry

---

[1] Defendants' motions in limine does not include a topic labeled number 9. For purposes of this order and to maintain consistency with the record and Defendants motion, the Court leaves item number 9 intentionally blank.

6

Brodd from offering any opinions not offered in his written report. For the reasons stated on the record, this issue cannot be decided at this time. Accordingly, Defendants' motion in limine number 3 is held in **ABEYANCE** until the time of trial.

**4. Defendants' Motion in Limine No. 4**

Defendants move under Federal Rules of Evidence 401 and 403 to preclude any testimony regarding the lease negotiations between the Lake Tulloch Resort and Plaintiff. For the reasons stated on the record, Defendants' motion in limine number 4 is partially **GRANTED.** Plaintiff is allowed to present evidence of a lease, not the content of communications leading up to the lease agreement.

**5. Defendants' Motion in Limine No. 5**

Defendants move under Federal Rules of Evidence 901 to preclude any evidence related to a verbal agreement between Richard Franko and Bernadette Cattaneo for free use of Room 26 in exchange for rehabilitation services at Life Choices Treatment Services facility for Ms. Cattaneo's son. For the reasons stated on the record, Defendants' motion in limine number 5 is **DENIED**.

**6. Defendants' Motion in Limine No. 6**

Defendants move under Federal Rules of Evidence 401 and 403 to preclude evidence of other lawsuits between Plaintiff and the Lake Tulloch Resort. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 6 is **GRANTED**.

**7. Defendants' Motion in Limine No. 7**

Defendants move under Federal Rules of Evidence 801 to preclude testimony by Richard Franko that on the day of the incident someone at the Sheriff's Department told him that the dispute regarding Franko's stay at the Lake Tulloch Resort was a civil matter. Defendants allege that this testimony should be excluded as inadmissible hearsay. Plaintiff argues that this testimony is proper and that Deputy Foster is free to dispute this evidence on the stand. For the reasons stated on the record, Defendants' motion in limine number 7 is **DENIED** without prejudice. However, as a threshold matter, Plaintiff must lay the proper foundation as to this statement.

**8. Defendants' Motion in Limine No. 8**

Defendants move under Federal Rule of Evidence 801 to exclude any testimony by Plaintiff that he was diagnosed with two broken ribs as inadmissible hearsay. Plaintiff does not oppose. Accordingly,

Defendants' motion in limine number 8 is **GRANTED**.

**9.     Defendants' Motion in Limine No. 9**

Defendants move under Federal Rule of Evidence 801 to exclude any reference to a conversation between Plaintiff and individual named David regarding Plaintiff's arrest and subsequent release as inadmissible hearsay. Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 8 is **GRANTED**.

**10.     Defendants' Motion in Limine No. 10**

Defendants move under Federal Rules of Evidence to exclude any statements that "the Sheriff had called up to say that they should not press charges on me." (Doc. 50 at 20). Plaintiff does not oppose. Accordingly, Defendants' motion in limine number 8 is **GRANTED**.

IT IS SO ORDERED.

Dated:   **August 23, 2012**                     /s/ **Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE